IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**MELVIN PEREZ,**

    **Petitioner,**

vs.                                                    **CASE NO. 1:08CV50-MMP/AK**

**WALTER MCNEIL,**

    **Respondent.**
_____/

## REPORT AND RECOMMENDATION

    This case is before the Court on Petitioner's *pro se* request for habeas corpus relief pursuant to 28 U.S.C. § 2254. Doc. 1. Petitioner has paid the filing fee. Respondent has submitted a response, Doc. 12, and Petitioner has filed a reply, Doc. 13, thereby placing this matter in a posture for disposition. Having carefully considered the matter, the Court recommends that habeas relief be denied.

    Petitioner is a Florida inmate who, at the relevant time, was incarcerated at Hamilton Correctional Institution on a 25-year sentence for second-degree murder. On February 7, 2005, Petitioner was issued a disciplinary report (DR) for possession of a weapon. Doc. 12, Ex. B. More specifically, a corrections officer charged:

> I was gathering Inmate Perez[']s...property to be taken to the officer's station for inventorying, when I found a homemade ice pick style weapon hidden in the left hand corner of his mattress. This weapon was confiscated, photographed and disposed of per institutional policy....Inmate Chatmon....was present when this happened. The shift supervisor was notified and authorized this report to be written.

*Id.* Petitioner was given notice of the charge, and during the investigation, he stated:

> I was never poss. of a weapon. This weapon may have been the subject of retaliation I have been subject for filing grievances. I would like that such weapon be fingerprinted to prove that it was never in my poss. I also request that said weapon be introduced at the D.R. hearing.

*Id*. Petitioner declined staff assistance and indicated he had no supporting witnesses. *Id*.

The hearing team found Petitioner guilty of the charged violation based on the officer's statement and on "[w]itness statements [which were] read and considered." *Id*. The weapon was "confiscated and disposed of in accordance with Department policy and procedures." *Id*. Petitioner was sentenced to 60 days of disciplinary confinement and a forfeiture of 66 days of gain time. *Id*.

Petitioner pursued his administrative remedies, arguing at the first stage that the DR failed to comply with prison regulations as it did not state the rule violated. *Id*. He also complained about the failure of the hearing team to honor his requests that the weapon be fingerprinted and produced at the hearing. *Id*. Petitioner further contested the team's notation that the weapon had been disposed of, as prison regulations required that contraband be stored for six months pending the final outcome of the DR. *Id.* Finally, he claimed that his due process rights were violated when the hearing team based its decision on the officer's statement without requiring that proof that Petitioner possessed the weapon found in his cell. *Id*.

The team's findings were upheld, the warden finding that the DR contained the violation code, the rule at issue, and a statement of facts. *Id*. He also concluded that because a disciplinary hearing is an administrative, not a criminal, proceeding, fingerprinting the weapon was not required. *Id*. He also indicated that the weapon had not been destroyed despite the team's statement to the contrary. *Id*.

Petitioner appealed to the next level, and the DR was again upheld. *Id*.

Petitioner then filed a petition for writ of mandamus in state court. Doc. 12, Ex. A. The court found that Petitioner had "received all the due process required by *Wolff* in this case," as he was given advance written notice of the charge, an opportunity to make a statement regarding the incident and to call witnesses, and a written statement from the hearing team "detailing the evidence upon which the team relied." *Id*. The court also found that the officer's statement and the photograph of the weapon in question met the "'some evidence'" standard of *Hill*. *Id*. The court further concluded that Petitioner had failed "to show how failing to produce the actual weapon during the hearing, when a photograph was available, was prejudicial to him." *Id*. It likewise found that "given the evidentiary standard of *Hill*...Petitioner's argument concerning the lack of fingerprint evidence is without merit." *Id*. Finally, the court determined that Petitioner had "not backed up his allegations with evidence, and his general allegations are insufficient to demonstrate entitlement to relief." *Id*. The court therefore denied mandamus relief. *Id*.

Petitioner then filed a petition for writ of certiorari in the court of appeal, which was "denied on the merits." Doc. 12, Ex. F.

In the instant petition, Petitioner seeks federal habeas relief on two grounds. First, he claims that he was denied due process by Respondent's failure to follow Department of Corrections rules during the disciplinary proceedings. Doc. 1. Second, he argues that he was denied due process when the hearing team based its decision solely on the officer's statement. *Id*.

## **DISCUSSION**

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief only if the state court adjudication

(1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "A state-court decision will certainly be contrary to...clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. A state-court decision will also be contrary to clearly established Supreme Court precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." *Id*. at 406.

Under the "unreasonable application" clause of § 2254(d), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The federal court considering a habeas petition "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 412.

Settled circuit court precedent interpreting Supreme Court decisions is not determinative of clearly established federal law. Instead, this Court must look to the specific holdings of Supreme Court cases themselves. If the Supreme Court has not issued a specific holding on the issue at hand, then the state court's decision is not contrary to or an unreasonable application of clearly established federal law. *Carey v. Musladin*, 549 U.S. 70, 127 S.Ct. 649, 654, 166 L.Ed. 2d 482 (2006).

Further, in reviewing the decision of the state court, this Court must presume that the state court's factual determinations are correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001).

The fact that the appellate court does not write "an opinion that explains the state court's rationale," does not detract from the deference owed to that court's decision. *Wright v. Secretary for the Department of Corrections*, 278 F.3d 1245, 1255 (11th Cir. 2002). Under § 2254, the Court is to focus on the result of the state proceeding, not the reasoning underlying it, since all that is required for a state-court adjudication on the merits is a rejection of a claim on the merits, not an explanation. *Id*. at 1254-55.

Furthermore, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). This limitation on federal habeas review applies equally when a petition which truly involves only state law issues is couched in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508; *see also*

*Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3rd Cir. 1997) (errors of state law cannot be repackaged as federal errors simply by citing the United States Constitution).

Finally, "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. §§ 2254(b)(1) & (c)). To fully exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845. In addition, "the federal claim must be fairly presented to the state courts," and it must be "the same claim." *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*).

Claims which have not been fairly presented to the state court but are defaulted from state court review are considered technically exhausted because no remedies are available for purposes of § 2254(c). *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). *See also White v. State*, 664 So.2d 242, 244 (Fla. 1995) (claims that could have or should have been raised on post-conviction and were not so raised are procedurally defaulted). However,

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

Because Petitioner's claims involve a prison disciplinary hearing, additional considerations apply in determining whether deference should be accorded the state court's decision. "Prison disciplinary proceedings are not part of a criminal prosecution,

and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, where a prison disciplinary hearing may result in the loss of good time credits, an inmate is entitled to certain minimum procedures which are sufficient to insure that those credits are not "arbitrarily abrogated." *Wolff*, 418 U.S. at 557. Specifically, an inmate faced with the prospect of losing gain time must receive: (1) advance written notice of the charges against him; (2) the opportunity to call witnesses and present documentary evidence in his defense, unless allowing such would be inconsistent with institutional safety and correctional goals; and (3) a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action imposed. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985); *Wolff*, 418 U.S. at 563-67.

Furthermore, the requirements of due process are fully satisfied "if **some** evidence supports the decision by the prison disciplinary board to revoke good time credits." *Hill*, 472 U.S. at 455 (emphasis added). Determining whether "this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id*. Rather, the Court should focus on "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455-56.

To the extent that Petitioner claims a straight state law violation of the administrative rules because the DR did not contain certain information, the claim is not cognizable in this proceeding. *Engle*, 456 U.S. at 119. To the extent that he claims a constitutional violation regarding the notice, the claim is without merit. The Constitution

only requires that Petitioner receive advance written notice of the charges against him. *Wolff*, 418 U.S. at 563-67. As the state court found, this standard was met, and the alleged failure of the notice to meet certain technical state law rule requirements does not alter that conclusion. As long as the prisoner is sufficiently notified of the charges against him so that he can meet those charges head on at a hearing, due process is satisfied, and thus, the state court's decision is neither contrary to nor an unreasonable application of Supreme Court precedent.

As to Petitioner's claim that he was denied due process when the hearing team based its decision solely on the officer's statement, it is likewise without merit. The question is not whether Petitioner could be convicted either beyond a reasonable doubt or by a preponderance of the evidence, but whether there was "some evidence" to support the disciplinary team's finding of guilt. With that standard in mind, there was "some evidence," the officer's eyewitness statement and the photograph of the weapon which was found in Petitioner's possessions, to support the team's conclusion that Petitioner violated the rules of the prison by being in possession of a weapon. Though not explicitly stated, the team obviously credited the officer's eyewitness account and found Petitioner's denial not to be credible. Credibility determinations by the hearing team are entitled to deference and are not to be independently made by this Court in this context. The state court's decision is therefore neither contrary to nor an unreasonable application of clearly established federal law.

**CONCLUSION**

Having carefully considered the matter, the Court respectfully **RECOMMENDS**:

That the petition for writ of habeas corpus, Doc. 1, be **DENIED**;

That this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this 3rd day of August, 2009.


       *s/A. Kornblum*
       ALLAN KORNBLUM
       UNITED STATES MAGISTRATE JUDGE


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**