IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MELVIN PEREZ,

    Petitioner,

v.                                                    CASE NO. 1:08-cv-00050-MP-AK

JAMES MCDONOUGH, WALTER A MCNEIL,

    Respondents.

_____/

## **O R D E R**

This matter is before the Court on Doc. 15, Report and Recommendation of the Magistrate Judge, recommending that the habeas petition in this case be denied. The Petitioner filed objections, Doc. 17, which the Court has reviewed. For the reasons which follow, the Report and Recommendation will be adopted and the habeas petition denied.

In the instant petition, Petitioner seeks federal habeas relief on two grounds. First, he claims that he was denied due process by Respondent's failure to follow Department of Corrections rules during the disciplinary proceedings. Second, he argues that he was denied due process when the hearing team based its decision solely on the officer's statement.

The Court agrees that Mr. Perez received all the due process required by Wolff v. McDonnell, 418 U.S. 539, 557 (1974). He was given advance written notice of the charge, an opportunity to make a statement regarding the incident and to call witnesses, and a written statement from the hearing team detailing the evidence upon which the team relied. The alleged failure of the notice to meet certain technical state law rule requirements does not alter that conclusion. As long as the prisoner is sufficiently notified of the charges against him so that he

can meet those charges head on at a hearing, due process is satisfied, and thus, the state court's decision is neither contrary to nor an unreasonable application of Supreme Court precedent.

As to Petitioner's claim that he was denied due process when the hearing team based its decision solely on the officer's statement, it is likewise without merit. The question is not whether Petitioner could be convicted either beyond a reasonable doubt or by a preponderance of the evidence, but whether there was "some evidence" to support the disciplinary team's finding of guilt. Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454 (1985). The officer's eyewitness statement and the photograph of the weapon which was found in Petitioner's possessions, constituted "some evidence" to support the conclusion that Petitioner violated the rules of the prison by being in possession of a weapon. The state court's decision is therefore neither contrary to nor an unreasonable application of clearly established federal law.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. The habeas petition is denied, and the Clerk is directed to close this case.

**DONE AND ORDERED** this _20th_ day of November, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge